**UNITED STATES of America, Appellee,**

v.

**William Fred PHILLIPS, Appellant.**

**No. 77–1185.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1977.

Decided Oct. 27, 1977.

Joseph P. Jenkins, Estes Park, Colo., argued and filed briefs, for appellant.

William A. Keefer, Sp. Atty., U. S. Dept. of Justice, Kansas City, Mo. (argued), and Bert C. Hurn (former U. S. Atty.), Kansas City, Mo., on brief, for appellee.

Before GIBSON, Chief Judge, LAY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

William Fred Phillips appeals from the district court's finding, opinion and order overruling his supplemental motion to suppress and reinstating his conviction for perjury in violation of 18 U.S.C. § 1623. We affirm.

Phillips' conviction was previously before this court in his direct appeal, *United States v. Phillips*, 540 F.2d 319 (8th Cir.), *cert. denied*, 429 U.S. 1000, 97 S.Ct. 530, 50 L.Ed.2d 611 (1976). That opinion sets out the factual and legal background of the case. Phillips, a former Oklahoma state senator, testified before a federal grand jury in Kansas City, Missouri, that he had never stated to anyone that he could arrange "protection" from local law enforcement officials, including Frank Grayson, an Oklahoma (state) district attorney. At the trial on a perjury charge the government introduced as evidence a tape recording, wherein Phillips stated: "I can, I can control Frank [Grayson]." The recording was of a meeting on July 7, 1971, between Phillips, Charles Davis (owner of the Shangri La resort), and George Overton (the resort's manager). It was taped by a private detective at Davis' and Overton's request.

Phillips moved to suppress the tape recording, alleging that it was made "for the purpose of committing [a] criminal or tortious act in violation of the Constitution or laws of the United States or of any State or for the purpose of committing any other injurious act." 18 U.S.C. § 2511(2)(d).[1] That motion was denied. Since the purpose for making the recording was not apparent from the record, this court vacated the judgment of conviction and remanded for a hearing "in order to afford the parties an opportunity to present evidence as to the purpose of the recording." *United States v. Phillips, supra*, 540 F.2d at 324.[2]

The mandated evidentiary hearing was held on January 25 and 26, 1977. Nine witnesses, including Davis, Overton and the defendant, testified. The district court concluded that "the apparent purpose of the July 7 meeting was the employment of and to settle on a fee arrangement of defendant Phillips by Charles J. Davis and the Shangri La management." *United States v. Phillips*, No. 73 CR 38 W–3–D (W.D.Mo., filed Jan. 28, 1977). He further found that "the purpose of recording the July 7 meeting and conversations that occurred at the meeting was that Mr. Charles Davis, the owner of Shangri La and to a lesser extent, Mr. George Overton was to obtain a very accurate record of that meeting and what was said in it." He found that both men were suspicious of Phillips and fearful that he might attempt to obtain an exorbitant fee in connection with getting approval for a small dam project. The district court concluded that Davis and Overton were "acting out of a legitimate desire to protect themselves and their conversation from possible later distortions or other injurious uses by * * * Phillips." He, therefore, denied the supplemental motion to suppress and reinstated the conviction.

The sole issue[3] on this appeal is whether the record supports the district court's find-

---

1. If that allegation was true the interception was prohibited under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.*

2. Other issues raised by Phillips in that appeal were resolved against him.

3. Phillips raises two additional allegations of error, which, because of the limited nature of the remand in *United States v. Phillips*, 540 F.2d 319 (8th Cir.), *cert. denied*, 429 U.S. 1000, 97 S.Ct. 530, 50 L.Ed.2d 611 (1976), are not properly addressed to this court.

ing that the recording was not made for the purpose of committing any criminal, tortious or injurious act within the purview of 18 U.S.C. § 2511(2)(d).[4]

Both Davis and Overton testified that the purpose of secretly recording the July 7 meeting was to obtain an accurate record of the transaction. Davis stated he was "going to protect myself against blackmail. I haven't followed any practice that would indicate I ever blackmailed or intended to blackmail anybody." Although Overton admitted that use of the tape to publicly embarrass Phillips if he went back on his word was a "far-fetched possibility," the subsequent failure to so use the tape [5] reinforces the finding that the primary purpose for making it was to obtain a record of what was said. Furthermore, there is no credible evidence of any other purpose, and Phillips himself stated that he knew of no additional evidence.

The judgment of the district court is affirmed.

---

**4.** In *United States v. Phillips, supra,* 540 F.2d at 326 n. 3, this court did not relieve the government of its obligation of establishing a legal purpose for the interception. The government was required to call the parties responsible for the interception and establish such a purpose. Once that obligation was met the defendant was required to prove, by a preponderance of the evidence, the existence of one of the exceptions listed in 18 U.S.C. § 2511(2)(d).

The district court found that it was immaterial as to what burden of proof applied because he found beyond a reasonable doubt that the purpose of recording the July 7 meeting was to obtain a very accurate record; that that purpose was legitimate; and that there was no intent to commit any criminal or tortious act.

**5.** The government learned about the tape recording, not from Charles Davis or George Overton, but from a third party. Neither Davis nor Overton produced the tape until it was subpoenaed.